# United States Bankruptcy Court for the Northern District of California
# San Jose Division

In re:     Joshua David Clendenning                                    Case No.:

## RIGHTS AND RESPONSIBILITIES OF CHAPTER 13
## DEBTORS AND THEIR ATTORNEYS

It is important for debtors who file a bankruptcy case under Chapter 13 to understand their rights and responsibilities. It is also important that debtors understand their attorney's responsibilities as well as the importance of communicating with their attorney to make the case successful. Debtors should know what services their attorneys are supposed to perform. In order to assure that debtors and their attorneys understand their rights and responsibilities in the bankruptcy process, the following guidelines are hereby agreed to by the debtors and their attorneys. Unless the Court orders otherwise,

**BEFORE THE CASE IS FILED**

The debtor agrees to:

1. Provide the attorney with accurate financial information.
2. Discuss with the attorney the debtor's objectives in filing the case.

The attorney agrees to:

1. Meet with the debtor to review the debtor's debts, assets, liabilities, income, and expenses.
2. Counsel the debtor regarding the advisability of filing either a Chapter 7 or Chapter 13 case, discuss both procedures with the debtor, and answer the debtor's questions.
3. Explain what payments will be made directly by the debtor and what payments will be made through the debtor's Chapter 13 plan, with particular attention to mortgage and vehicle loan payments, as well as any other claims which accrue interest.
4. Explain to the debtor how, when, and where to make the Chapter 13 plan payments.
5. Explain to the debtor how the attorney's fees and trustee's fees are paid and provide an executed copy of this document to the debtor.
6. Explain to the debtor that the first plan payment must be made to the Trustee within 30 days of the earlier of date of the filing of the plan or order for relief.
7. Advise the debtor of the requirement to attend the §341(a) Meeting of Creditors, and instruct the debtor as to the date, time and place of the meeting.
8. Advise the debtor of the necessity of maintaining liability, collision and comprehensive insurance on vehicles securing loans or leases.
9. Timely prepare and file the debtor's petition, plan, statements and schedules.

**AFTER THE CASE IS FILED**

The debtor agrees to:

1. Keep the trustee and attorney informed of the debtor's address and telephone number.
2. Inform the attorney of any wage garnishments or attachments of assets which occur or continue after the filing of the case.
3. Contact the attorney promptly if the debtor loses his/her job or has other financial problems.
4. Let the attorney know if the debtor is sued during the case. Inform the attorney if any tax refunds the debtor is entitled to are seized or not returned to the debtor by the IRS or Franchise Tax Board.
5. Contact the attorney before buying, refinancing, or selling real property or before entering into any long-term loan agreements to find out what approvals are required.
6. Pay any filing fees and expenses that may be incurred directly to the attorney.

The attorney agrees to provide the following legal services:

1. Appear at the §341(a) Meeting of Creditors with the debtor.

2. Respond to objections to plan confirmation, and where necessary, prepare an amended plan.
3. Prepare, file, and serve necessary modifications to the plan which may include suspending, lowering, or increasing plan payments.
4. Prepare, file, and serve necessary amended statements and schedules, in accordance with information provided by the debtor.
5. Prepare, file, and serve necessary motions to buy, sell, or refinance real property when appropriate.
6. Object to improper or invalid claims, if necessary, based upon documentation provided by the debtor.
7. Represent the debtor in motions for relief from stay.
8. Where appropriate, prepare, file, and serve necessary motions to avoid liens on real or personal property.
9. Provide such other legal services as are necessary for the administration of the case before the Bankruptcy Court.

## ATTORNEY COMPENSATION

The "Guidelines for Payment of Attorney's Fees in Chapter 13 Cases for the San Jose Division" provides for maximum initial fees in the following amounts:

**Initial Fees**

| Work Required by Case | Allowable Fees |
|---|---|
| Base Case | $3300 (additional $300 authorized for compromise plan in cases against to Judge Weissbrodt) |
| Real Property Claims | $1350 |
| Additional Real Property Claims Greater than $10,000 | $500 per property |
| State or Federal Tax Claims | $700 |
| Vehicle Loans or Leases | $700 |
| Operating Business | $1800 |
| Support Arrears Claims | $800 |
| Student Loans | $300 |
| 25+ Creditors | $300 |
| Motion to Commence or Extend the Stay | $650 |

Initial fees charged in this case are $ **6,150.00** .

In addition to these initial fees, in the following situations the attorney may apply to the court for the additional fees shown below which shall be approved upon application:

**Add on Fees**

| Work Required by Case | Allowable Fees |
|---|---|
| Post Confirmation Modification Schedules I & J--*No Filing Required* | $400 |
| Post Confirmation Modification Schedules I & J--*Filing Required* | $600 |
| Motion to Sell, Refinance, Modify Loan, Convey Title, Purchase Real Property--*No Hearing Required* | $600 for each motion to sell, refinance, modify loan, or purchase *Restriction: Compensation for modification of loan is limited to one modification per loan over a two year period.* |
| Motion To Sell, Refinance, Modify Loan, Convey Title, Purchase Real Property--*Hearing Required* | $850 for each motion to sell, refinance, modify loan, or purchase *Restriction: Compensation for modification of loan is limited to one modification per loan over a two year period.* |
| Each Motion for Relief from Stay for Cases pending more than one year--*Personal Property* | $500 for each motion |
| Each Motion for Relief from Stay for Cases pending more than one year--*Real Property* | $650 for each motion |
| Each Motion To Dismiss, Convert, or Reconvert, Excluding Trustee's Notices of Default Regarding Plan Payments | $450 *Does not apply to Pre-Confirmation Motions to Dismiss in Cases* |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

|  | *Assigned to the Judges Novack or Johnson* |
| --- | --- |
| Each Motion or Adversary Proceeding to Value and/or Avoid Real Property Liens | $1200 for first lien, additional liens on the same property compensated at $400 per lien |
| Avoiding Judicial Liens on Property | $1200 (one fee per property) *Court encourages consolidated motion for judicial lien avoidance* |
| Preparation of Tax Return: This is not required by debtor's counsel, but is optional. | $200 per tax year |

      In addition, if the above fees ordered by the court are not sufficient to compensate the attorney for the legal services rendered and costs incurred in the case, the attorney further agrees to apply to the court for approval of such fees and costs, attaching a supporting declaration with time records justifying that said fees and costs are merited and have not been compensated within the amounts previously ordered. Reimbursement of advanced court fees shall be awarded independently of other fees and costs. Fees shall be paid through the plan unless otherwise ordered. The attorney may not receive fees directly from the debtor other than the initial retainer.

      If the debtor disputes the legal services provided or the fees charged by the attorney, an objection may be filed with the court and the matter set for hearing. The attorney may move to withdraw or the client may discharge the attorney at any time.

Date **December 14, 2015**  Signature **/s/ Joshua David Clendenning**
**Joshua David Clendenning**
Debtor

Attorney **/s/ Balam O. Letona**
**Balam O. Letona**

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Case: 15-53943   Doc# 3   Filed: 12/15/15   Entered: 12/15/15 16:49:43   Page 3 of 3